I think a venire facias de novo should be awarded, because the Jury, instead of finding the facts have only found the evidence. That the line C D is Ward's line or a line of a tract of land belonging to Ward, is matter of evidence. That it is the line of Ward called for in Hislop's patent, is a question of fact, for the Jury to find from (96) the evidence: and this fact may depend upon a variety of circumstances, all proper for the consideration of a Jury. This error has become too common from confounding the evidence with the facts. A line, when once established to be the one called for, no matter by what evidence (if it be legal evidence,) whether it be artificial or natural, will certainly control course and distance, as the more certain description. A natural boundary, *Page 76 
[EDITORS' NOTE: THE DIAGRAM IS ELECTRONICALLY NON-TRANSFERRABLE.], SEE 7 N.C. 76.] *Page 77 
such as water course, is designated from other water courses by its name, or by its situation, or by some other mark. One of those means of identifying the water course cannot control all the rest, if those other means are more strong and certain. A name, for instance, is the most common means of designating it; and this in general is sufficiently certain: but it cannot control every other description; and where there are two descriptions incompatible with each other, that which is the most certain must prevail. Cases might be put, where it must be evident that the parties were mistaken in the name, and therefore the name must yield to some other description more consistent with the apparent intent of the parties. It is true, that in cases of water courses or other natural boundaries, and in some cases of artificial boundaries, which are of much notoriety, and have therefore obtained well known names, the other descriptions, must be very strong: but if they be sufficiently so, the name must give way, and be accounted for from the misapprehension or mistake of the parties. This doctrine was fully illustrated in the famous suit relative to the Cattail branch, between Bullock's heirs and Littlejohn, which was more than once in this Court, and finally decided on the Circuit, to the entire satisfaction of the bench and the bar. Hislop's patent begins "at A, Whitehurst's corner, thence along `Ward's line east 80 poles, thence south on his line 320 poles, to the Back swamp." Ward's line mentioned in the case, is almost 240 poles from Whitehurst's corner, running in a southwestern direction, and would not be intersected by an east line from the beginning; and is the boundary of a tract of land of Ward's (97) lying entirely east of that line. Of course, it cannot be the line of Ward called for from A to B, or the first course in the patent. It is therefore almost certain, that it is not "the Ward's line" called for in the record course of the patent, and therefore would not control the course and distance, which is from A to B, and from B to D, leaving out the triangle B, C, D, But this a question of fact, and the evidence should have been submitted to the Jury.
I presume the Chief Justice has correctly examined all the cases stated in his opinion; but I have not had an opportunity of looking into them; nor do I deem it necessary to do so, in order to illustrate my views of the points arising in this case — I am of opinion that there should be a new trial.